**FILED**
**February 25, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BILLIE L. WHITT,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0732** (BOR Appeal No. 2055265)
(Claim No. 2019024513)

**US TRINITY ENERGY SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Billie L. Whitt, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). US Trinity Energy Services, LLC, by Counsel Daniel G. Murdock, filed a timely response.

The issue on appeal is the compensable conditions in the claim. The claims administrator held the claim compensable for left ankle, low back, and neck sprains/strains on June 17, 2019. The Workers' Compensation Office of Judges ("Office of Judges") modified the decision in its March 6, 2020, Order and added the bilateral shoulders to the claim. The Order was reversed by the Board of Review on August 24, 2020, and the claims administrator's decision was reinstated.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.
>
> . . . .

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Whitt, a welder assistant, completed an Employees and Physicians' Report of Injury on May 18, 2019, indicating she injured her left ankle, back, and left wrist when she fell at work that day. The physicians' section was completed at Raleigh General Hospital. Treatment notes from Raleigh General Hospital that day indicate Ms. Whitt sought treatment for a work-related fall and was diagnosed with ankle strain and back pain.

Ms. Whitt was treated at New River Health on May 20, 2019, for a fall at work in which she struck her shoulders, back, and neck on the ground. Ms. Whitt reported pain in her upper back, neck, lower back, and left foot. She was diagnosed with left ankle, lumbar, and neck sprains. On May 28, 2019, Ms. Whitt sought treatment from A. Mirza, M.D. Ms. Whitt reported that she was unable to walk or return to work. Dr. Mirza noted that Ms. Whitt may have to be pushed to return to work. The diagnoses were pain in the foot, neck, and low back.

A May 28, 2019, treatment note from New River Health indicates Ms. Whitt underwent a cervical x-ray on May 20, 2019, which showed no fracture but did reveal degenerative disc disease. An ankle x-ray showed no acute injury. Ms. Whitt stated that she was unable to return to work. She was given a work excuse until June 14, 2019. The claim was held compensable for the left ankle, low back, and neck on May 31, 2019. No specific conditions were listed.

In a June 11, 2019, treatment note, Dr. Mirza noted that Ms. Whitt reported pain in her back, neck, shoulders, and left ankle. Dr. Mirza advised physical therapy and stated that Ms. Whitt did not need to see her again for further treatment. A second Employees' and Physicians' Report of Injury was completed on June 16, 2019, and indicates Ms. Whitt injured her left ankle, shoulders, back, and neck when she fell at work. The physicians' section states that Ms. Whitt injured her left calcaneus and that it was likely the injury aggravated a prior injury.

2

Ms. Whitt presented to Beckley ARH Hospital Emergency Room on June 16, 2019, with left foot and ankle pain. She stated that her pain was severe and worsened by walking and standing. Ms. Whitt reported that she was released to return to work but was unable to do so due to pain. A CT scan of the foot showed a cystic lesion on the calcaneum which could be due to osteoid osteoma. The claims administrator held the claim compensable for left ankle, low back, and neck sprains/strains on June 17, 2019.

On June 18, 2019, Ms. Whitt returned to Dr. Mirza for left foot, low back, and neck pain. It was noted that the claim was held compensable for lumbar strain. Ms. Whitt was taken off of work for an additional two weeks. Ms. Whitt again sought treatment from Beckley ARH Hospital Emergency Room on June 30, 2019, and was diagnosed with ankle sprain/strain. It was noted that Ms. Whitt reported severe pain in her ankle, swelling, and difficulty bending her toes. Ms. Whitt was supposed to return to work the following day but felt she was unable to do so. She was given two days off of work and instructed to follow up with her physician.

A. E. Landis, M.D., performed evaluation on July 11, 2019, in which it was noted that Ms. Whitt requested a change of physicians from Dr. Mirza to Dr. Landis. Dr. Landis recommended an additional four weeks of physical therapy and stated Ms. Whitt could return to light duty work if it was available. Ms. Whitt returned on July 23, 2019, and Dr. Landis recommended four more weeks of physical therapy followed by work conditioning/hardening.

A July 30, 2019, bone scan was performed at Beckley ARH and showed no active bone lesion in the left ankle. It was noted that Ms. Whitt should be checked for Osgood-Schlatter's disease and that she may have degenerative facet arthritis in her lumbar spine. Ms. Whitt underwent physical therapy on July 31, 2019, and reported that her neck, back, and shoulder pain were not improving. Additional physical therapy was recommended.

A left ankle MRI was performed on July 31, 2019, and showed a mass consistent with a cystic lesion. There was no evidence of acute traumatic injury, and no abnormal signals of the muscles or tendons were found. Ms. Whitt returned to Dr. Landis on August 20, 2019, and continued physical therapy was recommended. Dr. Landis stated that he was releasing Ms. Whitt from his care, and he recommended an Independent Medical Evaluation.

On September 10, 2019, David Soulsby, M.D., performed an Independent Medical Evaluation in which he opined that Ms. Whitt required no further treatment for the compensable injury. Dr. Soulsby stated that Ms. Whitt's continued neck and back pain were the result of degenerative disc disease. The continued left ankle symptoms were the result of the cystic formation in the ankle that is unrelated to the compensable injury. Dr. Soulsby concluded that Ms. Whitt's compensable injuries had resolved.

The Office of Judges modified the June 17, 2019, claims administrator decision and added bilateral shoulders as a compensable component of the claim in its March 6, 2020, Order. It found that Ms. Whitt initially stated that she injured her left ankle, back, and left wrist when she fell on May 18, 2019. Two days later, she reported that she hit her shoulders, back, and neck on the ground when she fell. When she saw Dr. Mirza on June 11, 2019, Ms. Whitt reported that she still had

pain in her shoulders. The Office of Judges noted that the June 16, 2019, Report of Injury indicates Ms. Whitt sustained injuries to her left ankle, back, neck, and shoulders. In June 17, 2019, physical therapy treatment notes, Ms. Whitt reported that she injured her shoulders when she fell at work. Ms. Whitt testified in a September 12, 2019, deposition that when she fell, she struck both of her shoulders on the ground. The Office of Judges found her testimony to be reliable and supported by the evidence of record.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision on August 24, 2020. It found that though Ms. Whitt reported some shoulder pain, a physician has not provided a diagnosis for the bilateral shoulders. The Board of Review noted that the West Virginia Supreme Court of Appeals has held on numerous occasions that pain is a symptom, not a diagnosis. The Board of Review therefore concluded that the bilateral shoulders cannot be added to the claim without a specific diagnosis.

After review, we agree with the reasoning and conclusions of the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Though Ms. Whitt reported some symptoms in her bilateral shoulders, no physician has made a specific diagnosis in regard to the shoulders other than pain. This Court has consistently held that pain is a symptom, not a diagnosis. See *Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196 at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim), *Radford v. Panther Creek Mining, LLC*, No. 18-0806, 2019 WL 4415245 at *3 (W. Va. Sep. 13, 2019) (memorandum decision) (holding that neck and shoulder pain cannot be added to a claim as they are symptoms, not diagnoses). Because there has been no diagnosis made for the shoulders, they cannot be added to the claim.

Affirmed.

**ISSUED: February 25, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Alan D. Moats, sitting by temporary assignment.

**DISSENTING:**

Justice William R. Wooton

WOOTON, Justice, dissenting:

I dissent to the majority's affirmance in this case, which, like the Board of Review, disregards the Office of Judge's decision to add bilateral shoulders as a compensable component to petitioner Billie L. Whitt's claim after considering all of the evidence. I find the Board of Review's reversal to be contrary to the evidence and the law and therefore respectfully dissent.

The issue is whether petitioner's shoulders were injured as a result of her falling down a skid pile while working as a welder assistant. Compensability for purposes of workers' compensation is determined by three elements that must coexist: 1) a personal injury; 2) received in the course of employment; and 3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Compensation Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *accord Jordan v. State Workmen's Compensation Comm'r*, 156 W. Va. 159, 163, 191 S.E.21d 497, 500 (1972).

Here, the records establishes that petitioner initially stated that she injured her left ankle, back, and left wrist when she fell on May 18, 2019. However, two days later she reported that she hit her *shoulders*, back, and neck on the ground when she fell. When she saw Dr. A. Mirza, her treating physician, on June 11, 2019, petitioner reported that she still had pain in her shoulders. In its decision, the Office of Judges noted that the June 16, 2019, second Employees' and Physicians' Report of Injury indicates that petitioner sustained injuries to her left ankle, back, neck, and *shoulders*. In a physical therapy evaluation dated June 17, 2019, petitioner reported that she injured her shoulders when she fell at work. Further, it was noted that "[a]ctive movement of shoulders was restricted by her tone and pain . . . ." A treatment goal was to increase and restore the range of motion in the shoulders. Petitioner also testified in a deposition that her fall impacted several body parts, including her *s*houlders, and that she stated that she continues to have shoulde*r* problems.

Succinctly stated, the evidence and law supported the decision of the Office of Judges to add bilateral shoulders as a compensable component of petitioner's claim because she proved that she suffered an injury to her shoulders during the course of and as a result of her employment. *See id*. The majority and the Board of Review erred in their decisions to the contrary.

Based on the foregoing, I respectfully dissent.